IMG-238                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4118
_____

MIAOWEI CHEN; ZHONGWU ZHANG,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A098-645-023 & A099-076-369)
Immigration Judge: Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2010
Before:   MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: October 19, 2010)

_____

OPINION
_____

PER CURIAM

Miaowei Chen and her husband, Zhongwu Zhang, petition for review of a decision

of the Board of Immigration Appeals (BIA).  For the reasons below, we will deny the

petition.

Chen and Zhang entered the United States in 1997. In 2005, Chen was charged as removable as an alien without a valid immigrant visa, and Zhang was charged as removable as an alien who entered without being admitted or paroled. Petitioners conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). They argued that they had been and would be persecuted in China pursuant to its family planning policy. They contended that the birth of their second child in the United States constituted changed circumstances so as to qualify them for an exception to the requirement that an asylum application be filed within one year of arriving in the United States.

Assuming arguendo that the petitioners had shown changed circumstances, the IJ denied the asylum applications on the ground that petitioners had not filed for asylum within a reasonable time after the birth of their second child. The IJ found Chen not credible based on several inconsistencies between her testimony and an application to adjust status she had filed in 2004.[1] The IJ determined that petitioners had not shown a pattern or practice of forced sterilization for similarly situated individuals in China. Thus, they had not shown a well-founded fear of persecution and were not eligible for asylum or withholding of removal. The IJ also concluded that petitioners had not shown that it was

---

[1] In an application to adjust her status, Chen listed her arrival date as June 10, 1999 and her marital status as single. She did not list any spouse or children. A.R. at 211.

2

more likely than not that they would be tortured if returned to China.

The BIA dismissed the appeal. The BIA agreed with the IJ that petitioners were not eligible for asylum because they did not file within one year of their arrivals in the United States or the birth of their second child. It also upheld the IJ's finding that Chen was not credible and her conclusion that petitioners had not established past persecution. As for their claim of future persecution, the BIA concluded that their evidence was general in nature and cumulative of evidence it had discussed in its published opinions addressing the family planning policy in China. The BIA determined that petitioners had not met the standard for withholding of removal or relief under the CAT. The BIA also denied petitioners' motion to remand to the IJ to consider the new evidence of the birth of their third child. Petitioners filed a timely petition for review.

Timeliness of the asylum applications

Generally, we lack jurisdiction to review a decision that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006). Petitioners argue that the BIA violated their due process rights in determining that their asylum applications were untimely under 8 U.S.C. § 1158(a)(2)(B). They contend that the BIA's decision was not based on an individualized determination. They argue that they claimed that conditions had changed in China in their asylum applications.

3

In their brief before the BIA, petitioners argued that the changed circumstances were the births of their two children and asserted that the births of their children were not in dispute. They contended that the requirement that they file within a reasonable time of the changed circumstances was not applicable. They did not argue that their asylum applications were timely based on any changed circumstances in China. Petitioners cannot fail to make an argument before the BIA and then argue that the BIA failed to address it.

Petitioners also argue that they filed their applications for asylum within a reasonable time of their changed circumstances. They argue that Chen filed her application within a year of the announcement of the new family planning law in China in early 2004. However, again, petitioners did not present this argument to the BIA. Thus, it is unexhausted, and we lack jurisdiction to consider it. Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioner has exhausted all administrative remedies.

Withholding of removal

We have jurisdiction over the denial of petitioners' claims for withholding of removal under 8 U.S.C. § 1252. To establish eligibility for withholding of removal, petitioners needed to demonstrate that it was more likely than not that their lives would be threatened in China on account of the family planning policy. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). We review the BIA's

4

factual determinations under the substantial evidence standard. <u>Dia v. Ashcroft</u>, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise <u>de novo</u> review over the BIA's legal decisions. <u>Toussaint v. Attorney General</u>, 455 F.3d 409, 413 (3d Cir. 2006).

Past Persecution

Petitioners argue that the BIA's determination that Chen did not establish past persecution is not supported by substantial evidence. They contend that the credibility finding was based on facts unrelated to the asylum claim. That an applicant is willing to lie in an application for immigration benefits is certainly relevant in determining credibility with respect to another application for benefits.[2] Petitioners also argue that the IJ should not have required corroboration of Chen's claim that she was forced to have an abortion in 1996. Given the adverse credibility finding, the IJ did not err in expecting corroboration of Chen's claim. Moreover, under 8 U.S.C. § 1252(b)(4), we may not

---

[2] In upholding the adverse credibility determination, the BIA cited to a new provision of the INA that allows adverse credibility determinations to be based on inconsistencies in the alien's testimony that do not "go[] to the heart of [the alien's] claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We have not yet addressed in a precedential opinion whether the REAL ID Act's new standard for adverse credibility findings potentially violates due process by allowing the IJ to rely on insubstantial and irrelevant inconsistencies. <u>See</u> <u>Wang v. Holder</u>, 569 F.3d 531, 537-38 (5th Cir. 2009)(canvassing Circuit law on the provision). We need not reach this issue because we believe that Chen's misstatements on her adjustment application are not insubstantial and irrelevant and the BIA's reliance on them did not violate her rights to due process.

5

reverse a determination made with respect to the availability of corroborating evidence unless a reasonable trier of fact would be compelled to conclude that such evidence is available. Petitioners have not pointed to any evidence to compel such a finding.

Future Persecution

Petitioners argue that they have shown a clear probability of future persecution. They contend that the BIA did not consider the individual evidence they presented. They point to a letter from a Village Committee which informs them that they must "undergo the required Family Planning Procedures" if they return to China. A.R. at 247. The BIA did consider this document: it noted that Chen testified that her father inquired about the implementation of the family planning policy in her hometown but rejected that testimony based on the adverse credibility finding against Chen.[3] While petitioners argue that this letter is targeted at them, their names do not appear on the document.

Petitioners argue that they submitted dozens of background documents that the BIA did not consider. In their brief before the BIA, petitioners cited to the 2006 Country Report, the 2005 and 2004 Profiles of Asylum Claims, and two newspaper articles to support their claim of future persecution. They made a general reference to the documents submitted in Matter of S-Y-G-, and relied heavily on the Aird affidavit.

The BIA stated that much of petitioners' evidence was general and cumulative of

---

[3] In his affidavit, Chen's father stated that he received the letter from the Village Committee after consulting with them in person.

evidence addressed in their published opinions: Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007); Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007); Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007); and Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006).[4] It concluded that petitioners had not shown that their claims were distinguishable from those in the published opinions. In the opinions cited by the BIA, it considered the 2006 Country Report, the 2005 and 2004 Profiles, and the Aird affidavit. The documents submitted in Matter of S-Y-G- and referenced by the Petitioners were considered by the BIA in that published opinion and were found not to support reopening. In Yu v. Attorney General, 513 F.3d 346, 348-49 (3d Cir. 2008), we concluded that the BIA's explanation in Matter of C-C- for finding the State Department Reports more credible than the Aird affidavit was well-reasoned and its denial of asylum was supported by substantial evidence. We observed that we have repeatedly recognized that State Department Reports may constitute substantial evidence. Id. at 349.

The BIA considered and addressed the evidence that petitioners cited as support

---

[4] In Matter of J-W-S-, the BIA concluded that China did not have a policy of requiring the forced sterilization of a parent who returns with a second child born outside of China. In Matter of S-Y-G-, the BIA determined that the petitioner had not shown changed country conditions. In Matter of J-H-S-, the BIA determined that enforcement of the family planning policy was lax and uneven in the Fujian province and there was no indication that the sterilizations were accomplished through force and not incentives. In Matter of C-C-, the BIA found that the 2004 and 2005 State Department Country reports were more persuasive than an affidavit from a retired demographer, Dr. John Aird, in determining that an alien with U.S.-born children had not shown a prima facie showing that she might suffer sterilization if returned to China.

7

for their claim of future persecution. The State Department Reports constitute substantial evidence supporting the BIA's determination that petitioners had not shown that it was more likely than not that they would be persecuted in China. Petitioners have not demonstrated that any reasonable factfinder would be compelled to conclude to the contrary.[5]

For the above reasons, we will deny the petition for review.[6]

---

[5] We decline petitioners' invitation to find evidence of forced sterilizations in recent decisions by Courts of Appeals. We may decide the petition only on the administrative record on which the order of removal was based. 8 U.S.C. § 1252(b)(4)(A). Moreover, the sterilizations alleged in the cases cited took place in 1985, 1987, and 2000.

[6] We agree with the government that petitioners have waived their CAT claim by failing to raise it in their brief.